UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-CR-20688-GAYLES

UNITED STATES OF AMERICA

v.

ALEJANDRO TRIANA-CEBALLOS,

    Defendant.

                                /

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Alejandro Triana-Ceballos' Second Motion to Reduce Sentence Per the Newly Amended 18 U.S.C. § 3582(c)(1)(A)(i) and the COVID-19 Pandemic (the "Motion") [ECF No. 349]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

BACKGROUND

Defendant is 54-year-old man incarcerated at the Butner Low Federal Correctional Institution ("Butner Low FCI") in North Carolina with a projected release date of December 26, 2024. On May 10, 2018, the Court sentenced Defendant to a 120-month term of imprisonment, including credit for time served from his original arrest date of June 19, 2016 in Colombia, a five-year term of supervised release, and a $200 special assessment, for conspiracy to import five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 963, and conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846. [ECF No. 279].

On June 9, 2021, the Warden at Butner Low FCI denied Defendant's request for compassionate release. [ECF No. 349 at 11]. On December 21, 2021, Defendant filed the instant

Motion, asking the Court to reduce his remaining sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 349]. Defendant is 54 years old and alleges that he suffers from severe pulmonary problems, severe asthma, a chronic cough, and inflammation of the lung. Additionally, Defendant states that he was hospitalized during his incarceration for pneumonia and that he has suffered from bronchitis, asthma attaches, and a MRSA infection. Defendant also has had the COVID-19 vaccine. Defendant argues that the current pandemic, along with his age and health conditions, warrant his immediate release.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If a defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the 18 U.S.C. § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017-BB, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 757 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

It is undisputed that Defendant has exhausted his administrative remedies. However, the Court denies the Motion because (1) the § 3553(a) factors do not weigh in favor of his release, and (2) Defendant still poses a significant danger to the safety of the community.

## I.      Section 3553(a) Sentencing Factors

Section 3553(a) requires a court to impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public," (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

The Court considered the § 3553(a) factors when it sentenced Defendant to a 120-month term of imprisonment for his participation in a conspiracy to import into the United States and distribute at least 14.3 kilograms of heroin and 500 grams of cocaine. The Court finds that reducing his sentence to time served will not reflect the seriousness of the offense, afford adequate deterrence, or protect the public. Prior to his current conviction, Defendant was convicted in the

3

Eastern District of New York for conspiracy to import cocaine and heroin into the United States. [ECF No. 265 at 22]. Defendant was released from imprisonment and removed from the United States to Colombia in 2010. Just five years later, Defendant was indicted in the instant case. *See* [ECF No. 3].

Moreover, Defendant's medical conditions and the current pandemic do not alone support a modification of his sentence based upon the § 3553(a) factors. *See United States v. Bueno-Sierra*, No. 93-CR-00567, 2020 WL 2526501, at *4 (S.D. Fla. May 17, 2020), *appeal filed*, No. 20-12017 (11th Cir. June 1, 2020) (holding that defendant's medical condition and the COVID-19 outbreak—the only bases for defendant's motion not considered by the court at the time of sentencing—did not warrant a sentence modification under the § 3553(a) factors); *see also United States v. Claiborne*, No. 3:14-CR-22-J-39MCR, 2020 WL 4193521, at *2 (M.D. Fla. July 21, 2020) (denying motion for compassionate release where reducing 188-month term of imprisonment by seven years "would be inconsistent with the § 3553(a) factors"). Accordingly, the Court finds that the factors outlined in 18 U.S.C § 3553(a) do not support a modification of Defendant's sentence.

## II.    Danger to the Community

The Court also finds that Defendant remains a danger to the safety of other persons or to the community. In making this determination, the Court considered: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g).

Defendant's re-entry plan involves returning to Colombia to live with his son and wife. But, as most of Defendant's relevant criminal conduct occurred in Colombia, the Court is not

satisfied by Defendant's assurances that he will not reoffend if his sentence is reduced. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *3 (S.D. Fla. Apr. 20, 2020) ("Defendant proposes to be released to the home with his wife and brother-in-law, which is precisely the location in which the offense for which he was convicted was committed, and presents a concern that [the d]efendant will reoffend."); *see also United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *8 (S.D. Fla. Apr. 28, 2020) ("[T]he fact that [the defendant] also seeks to return to Cali upon his release—the seat of his former drug-trafficking empire—gives the Court even greater pause."). Based on his current and past federal drug convictions, the Court finds that Defendant is a danger to the community and thus denies the Motion.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Second Motion to Reduce Sentence Per the Newly Amended 18 U.S.C. § 3582(c)(1)(A)(i) and the COVID-19 Pandemic, [ECF No. 349], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of February, 2022.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE